**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **WILLIAM D. HAMBY, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:19-cv-00200** |
| | ) | **Judge Trauger** |
| **SGT. PUNCHY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

William D. Hamby, Jr., an inmate at the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983. (Doc. No. 1.) However, the plaintiff has not paid the required filing fee, nor has he submitted an application to proceed *in forma pauperis* (IFP). One or the other is required in order for the court to process the complaint.

However, in no event is a prisoner allowed to file a civil action IFP in this court if he has, on three or more prior occasions, brought an action in a court of the United States that was dismissed on grounds of frivolity, maliciousness, or failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The plaintiff has previously filed at least four actions in this court which were dismissed for failure to state a claim. *See Hamby v. Lingle*, No. 3:12-cv-0942 (M.D. Tenn. Sept. 18, 2012); *Hamby v. Johnson*, No. 3:12-cv-1303 (M.D. Tenn. Jan. 10, 2013); *Hamby v. Johnson*, No. 3:13-cv-0096 (M.D. Tenn. Apr. 10, 2013); *Hamby v. Thomas*, No. 3:13-cv-0127 (M.D. Tenn. Feb. 19, 2013). In light of these prior dismissals, the plaintiff is a "three-striker" who may only proceed as

a pauper in this action if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall within the statutory exception to the "three-strikes" rule, the danger the plaintiff is facing must be a "real and proximate" threat of serious physical injury that existed at the time the complaint was filed. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citing, e.g., *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). Under this standard, a plaintiff must "allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger" when he filed the complaint. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted).

The plaintiff alleges that, on February 22, 2019 "and other dates," Sgt. Punchy, "Aramark food corporation staff at MCCX prison," and "inmate kitchen workers" deprived him of a noon-time meal, and that the inmates are deprived of that lunch meal every weekend. (Doc. No. 1 at 1–2.) The plaintiff alleges that he must take medication at noon, and that he is required to take that medication with food. (*Id.*) He also alleges that he is served breakfast, but not until after morning medication is distributed. He alleges that taking this medication without food produces "heart murmurs and body convulsion/spasms, and desperate thoughts," and that he has been to the medical clinic over ten times "since he is unable to take meds due to the food not being served, [and/or] not being served before meds." (*Id.* at 2.) The plaintiff alleges that he takes five different medications per day that must be taken with food "or it could kill our bodies via immune system as we have lethal illnesses already," but that the defendants refuse to serve food before or during the plaintiff's medication times. (*Id.*) He also alleges that the inmates are being starved as the meals they are served consist of very small portions. (*Id.* at 2–3.)

"[A] plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g)." *Vandiver*, 727 F.3d at 587. While the plaintiff does not allege that he is being entirely deprived of treatment, he appears to be presented with a choice on many days of (1) taking his medication on schedule, but on an empty stomach, and suffering "heart murmurs," muscle spasms, and racing thoughts, or (2) not taking the medication on schedule and signing up for sick call to address the situation. The plaintiff alleges that he has a "lethal" illness (Doc. No. 1 at 2), and the court has previously noted that he is involved in a class action in this district due to his stage 4 Hepatitis C. *See Hamby v. Parker, et al.*, No. 3:19-cv-00101, Doc. No. 5 at 2–3 & n.1 (M.D. Tenn.). Although this case presents a close call, viewing the plaintiff's allegations in the light most favorable to him, the court finds that he has sufficiently pled an imminent danger of serious harm from the defendants' actions, which result in interference with his scheduled treatments for a very serious medical condition. *Cf. Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) ("[A]lthough the feared physical injury must be 'serious,' 'we should not make an overly detailed inquiry into whether the allegations qualify for the exception,' because § 1915(g) 'concerns only a threshold procedural question.' (quoting *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)); *accord Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) ("[Section] 1915(g) is not a vehicle for determining the merits of a claim," nor does it require court "to fine-tune what is 'serious enough' to qualify for the exception.").

Accordingly, the Clerk is **DIRECTED** to mail the plaintiff a blank application to proceed IFP. If Plaintiff seeks to have this court consider his complaint, he **MUST** either pay the $400.00 filing fee in full or complete the application to proceed IFP and return the properly completed application to the court. The IFP application must also be accompanied by a certified copy of the plaintiff's trust fund account statement (or institutional equivalent) for the 6-month period

immediately preceding the filing of the complaint. The plaintiff's submissions must be <u>received</u> in this court within **28 days** of the date this order is entered on the docket and must include the docket number assigned to this case, **No. 3:19-cv-00200**.

The plaintiff is cautioned that if he does not comply with this order (or seek an extension of time within which to do so) within the time frame specified, or if he fails to promptly notify the court of any change in his address, this action may be dismissed for failure to prosecute and for failure to comply with the court's order.

It is so **ORDERED**.

ENTER this 3rd day of April 2019.

_____

Aleta A. Trauger
United States District Judge