# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **WILLIAM D. HAMBY, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:19-cv-00200 |
| ) | Judge Trauger |
| **SGT. PUNCHY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

William D. Hamby, Jr., an inmate at the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983. (Doc. No. 1.) However, the plaintiff has not paid the required filing fee, nor has he submitted an application to proceed *in forma pauperis* (IFP).

On April 3, 2019, the court entered an order finding that the plaintiff, a known "three-striker" under 28 U.S.C. § 1915(g), satisfied the statutory exception to the three-strikes rule by alleging that he was under an imminent danger of serious harm when he filed the complaint, and therefore that he would be permitted to apply for pauper status. (Doc. No. 3.) The court directed the Clerk to mail the plaintiff a blank IFP application form. The plaintiff was ordered to either complete and return the IFP application or pay the full filing fee within 28 days of the entry of the order. (*Id.* at 3–4.) The plaintiff was explicitly warned that failure to comply with the order could result in the dismissal of this case. (*Id.* at 4.)

To date, well past the 28-day deadline, the plaintiff has failed to pay the filing fee, file an IFP application, or request an extension of time in which to do so.

The plaintiff's failure to comply with the court's order requires the dismissal of this action. Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Moreover, "[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal." *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Dismissal of this action is appropriate in view of the plaintiff's fault in failing to comply with the court's order, despite having been warned that such failure would lead to dismissal. *Choate v. Emerton*, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), *report and recommendation adopted*, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018). Under Rule 41(b), dismissal for failure to prosecute can be either with or without prejudice. In view of the plaintiff's *pro se* status, as well as the preference for disposing of cases on their merits, the court finds dismissal without prejudice to be the appropriate disposition here. *See id.* (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011)).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with the court's order.

The filing fee is nevertheless to be assessed against the prisoner in this circumstance. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002)[1]; *see also In re Prison Litig. Reform Act*, 105 F.3d

---

[1]  A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. . . . The requirement that the full fees be paid for these actions-whatever their merit or disposition-will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court.

*In re Alea*, 286 F.3d at 382.

1131, 1132 (6th Cir. 1997) ("If the prisoner does not comply with the district court's directions [to file a properly supported IFP application], the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees."). Accordingly, the entire $400.00 fee is hereby **ASSESSED**, as follows:

The Warden of the facility in which the plaintiff is currently housed, as custodian of the plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $400.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the Warden of the facility where the plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge